UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KAREN DAUGHERTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 2:12-CV-448-PPS |
| | ) |
| TARGET CORPORATION | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Karen Daugherty was injured when she tripped and fell in a Target store. Target seeks summary judgment on the grounds that it did not breach any duty owed to Daugherty, since it did not have actual or constructive knowledge of the alleged dangerous condition. Target also claims that summary judgment is appropriate because Daugherty cannot provide factual evidence of causation. For the following reasons, Target's motion for summary judgment is **DENIED**.

## FACTUAL BACKGROUND

On January 30, 2012, Daugherty went to the Target store located at 2420 LaPorte Avenue in Valparaiso, Indiana, to purchase hot chocolate for herself and a coworker. After making her purchase she was given two empty cups and directed to the self-serve beverage machines to fill them. While approaching the drinks station, Daugherty stepped onto a long floor mat next to the beverage machine. Daugherty's foot caught on something causing her to trip and fall, landing on her hands and knees. No Target employee witnessed the fall. After getting to her feet, Daugherty noticed a "hump" in the floor mat. Upon regaining her composure Daugherty filled her cups with hot chocolate and attempted to gain the attention of a store employee. When that

did not work, Daugherty exited the store and sat outside on a bench for five minutes before returning to work.

That night Daugherty was seen by emergency room physicians at St. Mary's Hospital. Upon her initial examination she was placed in an air cast, issued a pair of crutches and was instructed not to put any weight on her injured foot. Two days later she was informed by a hospital radiologist that she had broken "something" and was referred to Dr. Fedor who placed the injured foot into a walking cast. Daugherty returned to Target to complete an incident report but the employee she needed to speak with was not available. Eventually, Daugherty completed an incident report over the telephone with a Target employee. The cashier at the food counter where Daugherty purchased the hot chocolate had an unobstructed view of the drinks station and the floor mat in front of it.

## **DISCUSSION**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Hussey v. Milwaukee County*, 740 F.3d 1139, 1142 (7th Cir. 2014). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Wells v. Coker*, 707 F.3d 756, 760, quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). When examining the evidence, the Court should resolve all ambiguities and draw all inferences in favor of the non-moving party, and may not resolve issues of credibility. *Williams v. City of Chicago*, 733 F.3d 749, 752 (7th Cir. 2013).

Target seeks summary judgment arguing that Daugherty's evidence is insufficient to support the existence of any defect of the floor mat, and "instead merely infers that there was a defect with

the mat because she fell." [DE 10 at 2.] Target contends that Daugherty is merely speculating that something caused her fall and "speculation and conjecture are not enough to establish negligence" in Indiana. *See Hall v. Eastland Mall*, 769 N.E.2d 198 (Ind. Ct. App. 2002); *Hale v. Community Hosp. of Indianapolis, Inc.* 567 N.E.2d 842, 843 (Ind. Ct. App. 1991). To support its argument, Target relies on *Taylor v. Community Hospitals of Indiana, Inc.,* 949 N.E.2d 361, 364 (Ind. Ct. App. 2011); however *Taylor* is easily distinguished from Daugherty's case.

In *Taylor,* the plaintiff, Taylor, tripped and fell against the frame of an elevator while visiting her husband at Community Hospital. 949 N.E.2d at 362. Taylor alleged the hospital negligently maintained its walkways and public areas because a wet surface caused her fall. *Id.* at 363. In reaching its decision to affirm the trial court's grant of summary judgment for Community Hospitals, the Indiana Court of Appeals relied on Taylor's testimony that when she inspected the area, immediately after her fall, she did not see anything that could have caused her fall, not even a wet surface. *Id.* at 366. The Court held that Taylor could not establish civil liability because her inference that because she fell something had to cause her fall amounted to mere speculation and conjecture.

Here, by contrast, Daugherty has gone beyond mere speculation. Unlike Taylor, who could not point to anything that could have caused her fall, Daugherty has testified that she felt her foot catch on something and tripped, and then saw the hump in the floor mat that could have been the cause of her fall. She is not simply saying that something had to cause her fall because she fell. Whether the hump in the floor mat was the cause of Daughtery's fall or the effect of it is a question for a jury to decide. Taking all inferences in the light most favorable to Daugherty, it is possible that a reasonable jury could determine, based on Daugherty's testimony, that she tripped over the hump

in the mat. In other words, if the jury believes Daugherty that something "caught her foot," a reasonable inference is that the hump she saw in the floor mat was the culprit. Target fails to demonstrate that Daugherty has insufficient evidence to support the existence of a hazard.

The next issue is whether Target had actual or constructive knowledge of the hazardous condition. As a business entity that holds itself open to the public, Target had a duty to exercise reasonable care for business invitees such as Daugherty while on the store's premises. *See Schulz v. Kroger Co.,* 963 N.E.2d 1141, 1144 (Ind. App. 2012). Liability for breaching this duty can be imposed on Target only if it had actual or constructive knowledge of the dangerous condition that led to Daugherty's injury. *See id.* "In the absence of undisputed evidence to the contrary, the issues of whether the store had actual or constructive notice of the dangerous condition" are questions for the jury. *Golba v. Kohl's Dept. Store, Inc.,* 585 N.E.2d 14, 16-17 (Ind. Ct. App. 1992).

Constructive knowledge is assigned to a defendant when a "condition has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care." *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012), citing *Wal-Mart Stores, Inc. v. Blaylock*, 591 N.E.2d 624, 628 (Ind.Ct.App. 1992). However, there is no bright line rule as to what constitutes a sufficient amount of time for a storekeeper to have discovered a dangerous condition and that inquiry turns on the facts of the case. *See Peterson v. Wal-Mart Stores, Inc.*, 241 F.3d 603 (7th Cir. 2001).

Target argues that because its cashier, Chris Boyd, cleaned the area an hour before Daugherty fell and did not see anything wrong with the mat at that time, neither actual nor constructive knowledge could be imputed to it. Target also argues that Boyd had an unobstructed view of the floor mat while waiting on Daugherty at the counter, and did not see a hump in the mat so Target

4

cannot be charged with having actual or constructive knowledge of the potentially hazardous condition.

Daugherty's testimony that she fell after her foot caught something while on the mat, and that she saw the hump in the mat immediately after the fall, coupled with the evidence of Boyd's view of the area over a period of time prior to Daugherty's fall, are sufficient to raise issues for a jury's determination as to whether the fall was caused by a hump in the mat and whether Target had actual or constructive knowledge of the hump in the mat and the potential for injury to its invitees. Summary judgment is improper "in a slip-and-fall case where the question whether the store had actual or constructive notice is unresolved," even where "employees of the store did not see the alleged substance or item on the floor after the accident happened." *Golba*, 585 N.E.2d at 16.

## CONCLUSION

Target has failed to persuade this Court that summary judgment is appropriate because there are genuine issues of material fact that need to be resolved by a trier of fact.

ACCORDINGLY:

Defendant's Motion for Summary Judgment [DE 10] is **DENIED**.

**SO ORDERED**.

ENTERED: February 25, 2014.

                                                  s/ Philip P. Simon
                                                  PHILIP P. SIMON, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT